## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Brud Rossmann, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 3:16-cv-308 |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Patricia Henricks, John Doe-1, John Doe-2, and John Doe-3, | ) ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Brud Rossmann (Rossmann), who is proceeding pro se and informa pauperis,[1] filed a 47-page complaint alleging that defendant Patricia Henricks (Henricks) and others[2] engaged in "scaled theft of . . . Rossmann's property for years, using primarily cyberspace or other network based tactics." (Doc. #4, p. 4). Although the majority of his allegations relate to theft of property and money, Rossmann also states that Henricks and others "almost murdered [him] on many occasions, extremely tortured him, [and] falsely imprisoned him." Id. He states that "CIA, FBI, . . . NSA[,] and Israeli Prime Minister level sponsorship of such homicidal targeting was explicitly invoked . . . starting in October of 2002." Id. at 6. He identifies his causes of action as fraud and conversion. Id. at 27, 43; (see also Doc. #1-6). None of the events are

---

[1] The court has reviewed Rossmann's complaint pursuant to 28 U.S.C. § 1915(e)(2). That statute allows sua sponte review of an forma pauperis complaint prior to it being served on defendants. If the court determines that the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the court must dismiss the complaint. Additionally, under Federal Rule of Civil Procedure 12(h)(3), the court must dismiss an action if the court concludes subject-matter jurisdiction is lacking.

[2] Rossmann identifies the others by name. He makes no reference to any John Does within the complaint.

specifically alleged to have occurred in the District of North Dakota.[3]

In construing a pro se complaint, a court is to take a liberal approach and is to hold a pro se litigant to a less stringent pleading standard than would be required of attorneys. <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007). But, Rossmann is self-described as a former "decorated" Department of Justice trial attorney and claims to be licensed to practice law in New York.[4] (Doc. #4, pp. 2, 8).

Rossmann is a serial litigator. According to the federal judiciary's electronic docketing system, Rossmann has filed at least 48 lawsuits in federal district courts across the country in the past two years.[5] Although Rossmann claims to reside in Fargo, North Dakota, all documents mailed to his claimed Fargo address have been returned to the court as undeliverable. (<u>See</u> Doc. #5; Doc. #6; Doc. #8). Rossmann appears to follow a pattern of falsely claiming to reside at addresses in the jurisdictions in which he files complaints. For example, the day before he filed his complaint in this district, he filed a substantially similar complaint in the District of South Dakota, claiming to reside in Sioux Falls. <u>See</u> <u>Rossmann v. Daniello</u>, D.S.D. Case No. 4:16-cv-4120, Doc. #1. All documents the South Dakota court mailed to Rossmann's claimed Sioux Falls address were returned to that court as undeliverable. In its order dismissing the complaint for

---

[3] Twice Rossmann uses the generic phrase "this jurisdiction" in relation to his claims. (<u>See</u> Doc. #4, pp. 11, 35). But, the facts alleged regarding Henricks' actions are all alleged to have occurred in Virginia. <u>Id.</u> at 14-22.

[4] The New York State Unified Court System's website identifies Rossmann as an attorney but notes that his registration status is "delinquent." <u>See</u> New York State Unified Court System, http://iapps.courts.state.ny.us/attorney/AttorneyDetails?attorneyId=5464853 (last visited Apr. 19, 2017).

[5] Court dockets identify plaintiff's last name both as Rossmann and as Rossman.

lack of jurisdiction, the South Dakota court noted that between August 24, 2016, and October 17, 2016, Rossmann filed fifteen lawsuits in thirteen federal district courts. In each case, Rossmann gave an address within the district where the case was filed.[6] Id. at Doc. #6.

Rossmann claims that this court has federal question jurisdiction under 28 U.S.C. § 1331. (Doc. #4, p. 9). But, his only claims—fraud and conversion—arise entirely under state law. Rossmann cites no constitutional provisions, federal laws, or treaties as a basis for his claims. The district judge should therefore conclude that this court does not have federal question jurisdiction over Rossmann's claims pursuant to § 1331.

Rossmann also alleges diversity jurisdiction under 28 U.S.C. § 1332. On the civil cover sheet, Rossmann states that Henricks resides in Maryland. (Doc. #4-4). Accepting as true that Rossmann is a citizen of North Dakota and that diversity therefore exists, the district judge should consider whether Rossmann has sufficiently pled facts supporting this court having personal jurisdiction over Henricks.

In a diversity action, a federal court "may assume jurisdiction over nonresident defendants only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1073 (8th Cir. 2004) (quoting Morris v. Barkbuster, Inc., 923 F.2d 1277, 1280 (8th Cir. 1991)). Since North Dakota's long-arm statute confers jurisdiction to the fullest constitutional

---

[6] From August 24, 2016, until October 17, 2016, Rossmann filed two cases in Oklahoma and two cases in Texas. He gave different addresses when filing each of those cases. See Rossmann v. Daniello, D.S.D. Case No. 4:16-cv-4120, Doc. #6. Additionally, the same day he filed his complaint in this district, he also filed a complaint in Iowa, claiming to reside in Des Moines. See Rossmann v. Bell, S.D. Iowa Case No. 4:12-cv-477, Doc. #1.

extent, this court need only consider whether the exercise of personal jurisdiction comports with due process. See Alexander WF, LLC v. Hanlon, No. 4:14-cv-68, 2015 WL 12803715, at *3 (D.N.D. Feb. 19, 2015).

Due process requires the defendant to have had sufficient minimum contacts with the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." Dever, 380 F.3d at 1073 (citations and internal quotation marks omitted). The court considers five factors in determining whether personal jurisdiction comports with due process: (1) the nature and quality of a defendant's contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the forum state's interest in providing a forum for its residents; and (5) convenience of all the parties. Eagle Tech. v. Expander Americas, Inc., 783 F.3d 1131, 1136 (8th Cir. 2015) (citation omitted).

Rossmann states that Henricks resides in Maryland, but he also states that "[d]efendant resides in this jurisdiction or has property in this jurisdiction"—a generic statement Rossmann has routinely made in complaints he has filed throughout the country.[7] (See Doc. #4, p. 15). That statement alone does not allege facts sufficient to establish minimum contacts which would warrant personal jurisdiction over Henricks. Rossmann does not identify property Henricks allegedly owns or where it is located

---

[7] See, e.g., Rossmann v. Scaramucci, E.D. Tex. Case No. 5:16-cv-149, Doc. #1, p. 15 (complaint dismissed as frivolous and for lack of jurisdiction); Rossmann v. Bowan, N.D. Miss. Case No. 3:16-cv-221, Doc. #1, p. 16 (complaint dismissed for failure to prosecute and lack of jurisdiction); Rossmann v. Obama, N.D. Ga. Case No. 4:16-cv-281, Doc. #3, p. 16 (complaint dismissed as frivolous); Rossmann v. Scaramucci, E.D. Okla. Case No. 6:16-cv-412, Doc. #2, p. 15 (complaint dismissed as frivolous and for failure to state a claim); Rossmann v. Daniello, D.S.D. Case No. 4:16-cv-4120, Doc. #1, p. 14 (complaint dismissed for lack of jurisdiction).

within this jurisdiction, and he does not identify where Henricks allegedly resides in this jurisdiction.

Rossmann alleges that Henricks' actions related to this case occurred entirely within Virginia. Id. at 14-22. Rossmann does not specifically reference North Dakota in his complaint other than in the case caption. Considering the factors identified by the Eighth Circuit in Eagle Tech., the district judge should conclude that Rossmann has not sufficiently alleged facts showing that this court has personal jurisdiction over Henricks.

Finally, Rossmann contends that this court has original jurisdiction pursuant to 28 U.S.C. § "1343.1." Id. at 4. No statute numbered 1343.1 exists. To the extent he asserts jurisdiction under § 1343(a)(1),[8] Rossmann has not sufficiently alleged any interference with his civil rights in violation of 42 U.S.C. § 1985.[9] As noted above, Rossmann

---

[8] Section 1343(a)(1) provides:

> (a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
>
> > (1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42[.]

[9] Section 1985(1) proscribes conspiracies interfering with federal officers' performance of official duties and thus does not apply to Rossmann's claims. See Harrison v. Springdale Water & Sewer Comm'n, 780 F.2d 1422, 1429 (8th Cir. 1986). Section 1985(2) proscribes conspiracies to interfere with the administration of justice in federal and state courts and thus does not apply to Rossmann's claims. See id. Section 1985(3) proscribes private conspiracies "to deny any person enjoyment of 'equal protection of the laws' and 'equal privileges and immunities under the laws,'" and "conspiracies to interfere with the right to support candidates in federal elections." Id. (citation omitted). The only subsection of § 1985 that might be construed to apply to Rossmann's claims is subsection three—related to conspiracies to deny equal protection—but that requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). Since Rossmann has not alleged any discriminatory class-based

identifies his claims as for fraud and conversion only. Thus, the district judge should conclude that this court does not have jurisdiction over Rossmann's claims pursuant to 28 U.S.C. § 1343(a)(1).

## Conclusion

As discussed above, this court does not have jurisdiction over Rossmann's claims pursuant to 28 U.S.C. §§ 1331 or 1343(a)(1). Even if this court would have diversity jurisdiction over Rossmann's claims pursuant to 28 U.S.C. § 1332, this court does not have personal jurisdiction over Henricks.[10] Accordingly, it is **RECOMMENDED** that Rossmann's complaint be **DISMISSED** without prejudice for lack of jurisdiction. It is further **RECOMMENDED** that the court find that any appeal would be frivolous, could not be taken in good faith, and may not be taken in forma pauperis.

Dated this 19th day of April, 2017.

                                        */s/ Alice R. Senechal*
                                        Alice R. Senechal
                                        United States Magistrate Judge

---

animus, subsection three does not apply to his claims.

[10] Since Rossmann alleges no facts relating to any John Does, this court cannot conclude it has personal jurisdiction over those individuals.

## NOTICE OF RIGHT TO OBJECT[11]

Plaintiff may object to this Report and Recommendation by filing with the Clerk of Court no later than **May 5, 2017**, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.

---

[11] See Fed. R. Civ. P. 72(b); D.N.D. Civ. L.R. 72.1.